IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GEORGE UBERTI,

    Plaintiff,

v.

SONOMA COUNTY BOARD OF SUPERVISORS and SONOMA COUNTY AUDITORY-CONTROLLER-TREASURER-TAX COLLECTOR

    Defendants.

No. C 19-02338 WHA

**ORDER REMANDING ACTION TO SONOMA COUNTY SUPERIOR COURT**

## INTRODUCTION

In this removed action, Magistrate Judge Sallie Kim filed a Report and Recommendation, recommending that the action be remanded to the Sonoma County Superior Court. For the reasons below, the Report and Recommendation is **ADOPTED** and the action is **REMANDED** to the Sonoma County Superior Court.

## STATEMENT

On February 8, *pro se* plaintiff George Uberti brought this action against the Sonoma County Board of Supervisors and the Sonoma County Auditory-Controller-Treasurer-Tax Collector. Plaintiff sought monetary damages, alleging that the Board's decision to consolidate the Auditor Controller Treasurer and Tax Collector duties violated, *inter alia*, 15 U.S.C. § 2 (Dkt. No. 1-1 at 2, 8).

On April 29, plaintiff (not defendants) removed the action to this district on the grounds that the action "concern[ed] the substantial mismanagement of Federal Funds" and that "the heads of county government [should] be tried outside the venue in which they may exert their influence" (Dkt. No. 1 at 2). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") and moved for permission to file electronically (Dkt. Nos. 2–3).

On May 9, Magistrate Judge Sallie Kim filed a Report and Recommendation concerning plaintiff's removal, IFP application, and motion to file electronically (Dkt. No. 6). Judge Kim granted plaintiff's application for IFP, denied his motion for electronic case filing, and recommended that the action be remanded to state court on the basis of improper removal (*id.* at 1–2). Plaintiff filed his objections to the Report and Recommendation on May 22 (Dkt. No. 10).

**ANALYSIS**

When a party objects to a Report and Recommendation, "[a district court judge] shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). Plaintiff's objection to Judge Kim's recommendation to remand relies on three arguments.

Plaintiff first argues that he met his burden of establishing federal jurisdiction because the action involves a federal question, giving the United States original jurisdiction pursuant to 28 U.S.C. § 1331. This argument alone is insufficient to establish that Judge Kim's recommendation to remand was erroneous. In addition to establishing that the United States has original jurisdiction, the moving party must also adhere to the proper procedure for removal under 28 U.S.C. § 1446.

Next, plaintiff contends that Judge Kim erred in relying on 28 U.S.C. § 1446 to impose a time restraint on plaintiff's removal, because she also found that the statute may not apply to plaintiff. Plaintiff misunderstands. Judge Kim's recommendation did not rely on an inconsistent application of the statute. Judge Kim first questioned *plaintiff's* ability to remove this action, as 28 U.S.C. § 1446 describes only a *defendant's* ability to remove a civil action from state court (Dkt. No. 6 at 2). Judge Kim then noted that, *even if* plaintiff had authority to

2

1  remove under 28 U.S.C. § 1446, removal was improper because plaintiff removed the case from
2  state court over thirty days after he originally filed suit (*ibid.*). Accordingly, Judge Kim found
3  that, whether the statute applied to plaintiff or not, removal was improper and the action should
4  be remanded to state court (*ibid.*). Further, because removal statutes are strictly construed,
5  plaintiff's questionable authority to remove suggests that removal should not be permitted.
6  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

7  Finally, plaintiff argues that he has the authority to remove the action to this district
8  under 28 U.S.C. § 1406(a), which governs transfer of a case from an improper venue to a proper
9  venue. Plaintiff's argument fails for two reasons. *First*, contrary to plaintiff's assertions,
10 Section 1406(a) does not grant plaintiff the authority to remove a case. 28 U.S.C. § 1406(a)
11 states that when a case is filed in an improper venue, "[t]he *district court* . . . shall . . . transfer
12 such a case to any district or division in which it could have been brought" (emphasis added).
13 *Second*, transfer refers to the practice of moving a case from one federal district court to
14 another, within the federal court system. Because this action originated in state court and
15 plaintiff sought to *remove* it from state court to federal court, a *transfer* under Section 1406
16 does not apply.

**CONCLUSION**

For the reasons stated herein, the Report and Recommendation is **ADOPTED**. The Clerk shall **REMAND** this action to the Sonoma County Superior Court and **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: June 10, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3